UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDER ADAMS,

        Petitioner,

v.                                    CASE NO. 5:12-cv-12218
                                      HON. JOHN CORBETT O"MEARA

J. WALTON,

        Respondent.

_____/

## ORDER OF DISMISSAL

      This matter is pending before the Court on Alexander Adams' *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2241. Petitioner is a federal inmate at Milan Correctional Institution in Milan, Michigan. In 2008, he pleaded guilty in the Northern District of Illinois to three counts of embezzlement. In 2009, United States District Judge John F. Grady sentenced Petitioner to three concurrent terms of three and a half years in prison, followed by three years of supervised release. *See United States v. Adams*, No. 07-cr-575-1 (N.D. Ill. Nov. 10, 2009).

      Petitioner alleges in his habeas petition that the indictment charging him with violations of 18 U.S.C. §§ 666(a)(1)(A) is void on its face because it was not signed by a grand jury foreman or a United States Attorney. Petitioner contends that this irregularity is a violation of Federal Rule of Criminal Procedure 7(c) and his right to due process under the Fifth Amendment. He seeks immediate release from custody.

      The primary remedy for federal prisoners claiming the right to release as a result

of an unlawful sentence is to file a motion to vacate sentence under 28 U.S.C. § 2255. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Under the "savings clause" of § 2255, an application for the writ of habeas corpus may be entertained if the remedy by motion "is inadequate or ineffective to test the legality of [the prisoner's] detention." 28 U.S.C. § 2255(e). In other words, a federal prisoner typically "may file a § 2241 petition contesting the legality of his detention only if his claim is such that he cannot obtain effective relief on direct appeal or through a § 2255 motion." *Garcia-Echaverria v. United States*, 376 F.3d 507, 510 (6th Cir. 2004); *see also Peterman*, 249 F.3d at 461.

Petitioner implies that it would be futile to file a motion to vacate sentence under § 2255 because he already filed one unsuccessful motion under § 2255. The remedy under § 2255, however, is not considered inadequate or ineffective simply because relief has already been denied under § 2255 or because the petitioner is procedurally barred from pursuing relief under § 2255. *Peterman*, 249 F.3d at 461 (quoting *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)).

"The circumstances in which § 2255 is inadequate and ineffective are narrow . . . ." *Id*. "The savings clause may only be applied when the petitioner makes a claim of actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). "To establish that he is actually innocent, [the prisoner] 'must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Martin v. Perez*, 391 F.3d 799, 802 (6th Cir. 2004) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Petitioner pleaded guilty to the charged offense, and he is not claiming to be

actually innocent of the crime for which he was sentenced.  Consequently, he is not entitled to bring his claim under § 2241.  His petition for the writ of habeas corpus [Dkt. #1] is summarily **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (stating that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").[1]

       s/John Corbett O'Meara  
       JOHN CORBETT O'MEARA  
       UNITED STATES DISTRICT JUDGE

Dated: July 8, 2012

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 9, 2012, using the ECF system and/or ordinary mail.

       s/Amanda Chubb for William Barkholz  
       Case Manager

---

[1] This rule may be applied to habeas corpus petitions that are not filed under § 2254.  *See* Rule 1(b) of the Rules Governing Section 2254 cases.